IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY JO RUSSELL, | ) | 8:14CV25 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RON GLASER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on January 28, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's list of named defendants is very difficult to decipher. (*See* Filing No. 1 at CM/ECF p. 1.) As best as the court can tell, she brings this lawsuit against Ron Glaser, the Douglas County Housing Authority, the Human Rights and Relations Department, the United States Department of Housing and Urban Development, and the Omaha Health Department.

Plaintiff's allegations are also very difficult to decipher. As best as the court can tell, Plaintiff alleges that she faced poor living conditions at The Reserve at the Knolls in Omaha, Nebraska. She alleges, in relevant part:

> Gross violation of my civil rights-civil liberties in matter of all parties involved through the act of concealment of the truth in official documented letters - fraud - fraudulent[.]

> Orion Property gross violation of my civil rights of no equal opportunity through Act of knowing fully of putting my Health and life at great risk because of my disability and all other agencies involved lies-concealment of truth in documented official documents - fraud to hide the truth gross violation of my civil right of no equal opportunity[.]
>
> I have suffered much immeasurable pain and suffering physically and emotionally with still my health and life in questioned Orion property knew, concealed, willfully put in unit with a massive infestation of parasite, parasitic organisms with other bad biting insects that would come to eat eggs only to their demise become host to the hatched egg and die.
>
> . . . .
>
> Disaster, devastation, life in grave danger still don't know about my health in the future - could die[.] This happened at "The Reserve at the Knolls" . . .

(*Id.* at CM/ECF p. 3.)

Plaintiff does not explain who Defendant Ron Glaser is or how he is responsible for her living conditions, though it appears he may be the property manager at The Reserve at the Knolls. (*See id.* at CM/ECF p. 1.) Plaintiff also does not explain how the other named Defendants are responsible for her living conditions or what specific legal rights Plaintiff believes Defendants violated.

As relief, Plaintiff seeks "immeasurable damages" for her pain, suffering, and loss of property. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court

must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes her claims against Defendants. *Plaintiff should be mindful to clearly explain what Defendants did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal rights Plaintiff believes Defendants violated.* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

**IV.    MOTION TO APPOINT COUNSEL**

Plaintiff has filed a motion seeking the appointment of counsel. (Filing No. 3.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If

Plaintiff fails to file an amended complaint, her claims against Defendants will be dismissed without further notice.

     2.     The clerk's office is directed to send to Plaintiff a copy of the civil complaint form.

     3.     The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on June 23, 2014.

     4.     Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

     5.     Plaintiff's Motion to Appoint Counsel (Filing No. 3) is denied.

DATED this 22nd day of May, 2014.

                              BY THE COURT:

                              *s/ John M. Gerrard*
                              United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.