IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY JO RUSSELL, | ) | 8:14CV25 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RON GLASER, DOUGLAS | ) | |
| COUNTY HOUSING AUTHORITY, | ) | |
| HUMAN RIGHTS AND | ) | |
| RELATIONS DEPARTMENT, U.S. | ) | |
| DEPARTMENT OF HOUSING | ) | |
| AND URBAN DEVELOPMENT, | ) | |
| OMAHA HEALTH DEPARTMENT, | ) | |
| and ORION PROPERTY GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On May 22, 2014, the court ordered Plaintiff to file an amended complaint that sufficiently described her claims against Defendants. (Filing No. 8.) Plaintiff filed an Amended Complaint on June 20, 2014 (Filing No. 10), and a Supplement (Filing No. 11) to the Amended Complaint on June 23, 2014. The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF AMENDED COMPLAINT**

Plaintiff names the following Defendants in her Amended Complaint: Orion Property Group, Hidden Valley Investments, The Reserve at the Knolls, Ron Glaser, the Douglas County Housing Authority, the Human Rights and Relations Department, the United States Department of Housing and Urban Development, and the Omaha

Health Department. (Filing No. 10 at CM/ECF p. 1.) Plaintiff alleges the following occurred between May 22, 2013, and August 1, 2013:

> Orion Property; AKA Hidden Valley Investments DBA The Reserve at the Knolls knowing and willfully put me in a massive infestation of Helminth Parasite, Parasitic of all life cycle stages of Helminth Worm Parasite and Parasitic along with other bad biting insects that would enter into unit apt. to feed off Helminth eggs only to their demise become host to parasite and die.

(*Id.* at CM/ECF p. 2.)

In Plaintiff's statement of jurisdiction, she alleges that subject-matter jurisdiction is proper in this court because the United States or a federal official is a party, her claim arises under the Constitution, laws or treaties of the United States, and her civil rights have been violated. (*Id.* at CM/ECF p. 4.) For relief, Plaintiff seeks a "settlement award because [she] could die." (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Even when liberally construed, Plaintiff's allegations do not state a claim on which relief may be granted and fail to establish that this court has subject-matter jurisdiction over Plaintiff's claims. In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Furthermore, the plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleges that her claims arise under the Constitution, laws or treaties of the United States, that her civil rights have been violated, and that a federal agency is a party to this action (*see* Filing No. 1 at CM/ECF p. 4; Filing No. 10 at CM/ECF p. 4.) However, as discussed below, the court cannot determine whether jurisdiction is proper based on the information set forth in the Complaint and Amended Complaint.

#### A. Federal Question Jurisdiction

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal

3

question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014); *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Among the defendants in this action are one individual, Ron Glaser, and three private entities, the Orion Property Group, Hidden Valley Investments, and The Reserve at the Knolls. (Filing No. 10 at CM/ECF p. 1.) Plaintiff alleges that Orion Property Group (otherwise known as Hidden Valley Investments and doing business as The Reserve at the Knolls), owned by Glaser, housed her in a unit infested with "Helminth Worm Parasites" and other "bad biting insects." (Filing No. 10 at CM/ECF p. 2.) Plaintiff broadly charges Orion Property Group with violations of human rights and civil rights (*see* Filing No. 1 at CM/ECF p. 2), but fails to identify any specific right of which she has been deprived. Moreover, there are no factual allegations to show Orion Property Group is an agent of, or acted jointly in, an activity with the State.

Plaintiff also names as a Defendant the Human Rights and Relations Department. Plaintiff alleges she filed a claim with the City of Omaha's Human Rights and Relations Department, but it was "not thorough in getting truth from [her]," and did not provide her with "equal opportunity of due process." (Filing No.

1 at CM/ECF pp. 3, 5.) Plaintiff does not explain what "equal opportunity of due process" means and the essence of her allegation is not discernable. *See Topchian v. JPMorgan Chase Bank, N.A.*, No. 13-2128, ---F.3d ----, 2014 WL 3703995, at *4 (8th Cir. July 28, 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved. . . . When we say that a pro se complaint should be given liberal construction, we mean that *if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework*.") (emphasis added).

Plaintiff also names as Defendants the Douglas County Housing Authority, the United States Department of Housing and Urban Development, and the Omaha Health Department. Plaintiff's Amended Complaint (Filing No. 10) is entirely silent as to any actions taken by these Defendants. Plaintiff's Complaint (Filing No. 1) merely lists these Defendants and, in conclusory fashion, states they are guilty of things like "interference," "fraud," "intimidation," and "harassment." (*See id.* at CM/ECF p. 3.) However, Plaintiff does not plead any facts that relate these Defendants to the parasite infestation. Indeed, it is not at all clear why Plaintiff chose to name them as Defendants in the Complaint and Amended Complaint.

It is also worth noting that Plaintiff states that Orion Property Group "put[] her health and life at great risk *because of [her] disability*." (*Id.* at CM/ECF p. 2 (emphasis added).) The Fair Housing Act makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap." 42 U.S.C. 3604(f)(2). Here, Plaintiff offers no factual content that would allow the court to draw the reasonable inference that Defendants discriminated against her because of a disability. Thus, Plaintiff has not stated a cognizable claim under the Fair Housing Act.

Upon careful review of Plaintiff's Complaint (Filing No. 1) and Amended Complaint (Filing No. 10), the court finds that Plaintiff's allegations do not establish federal-question jurisdiction exists in this matter and do not state a claim on which relief may be granted for the reasons discussed above.

### B.  Diversity of Citizenship Jurisdiction

The court now considers whether subject-matter jurisdiction exists with respect to any state-law claims Plaintiff may have against Defendants. Subject-matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff does not allege facts supporting diversity of citizenship jurisdiction under 28 U.S.C. § 1332. It is not clear from Plaintiff's Complaint and Amended Complaint whether the relevant parties are diverse. Even assuming that they are, Plaintiff did not allege an amount in controversy exceeding $75,000.00 in either her Complaint or Amended Complaint (*see* Filing No. 1 and Filing No. 10).

In short, Plaintiff's Complaint and Amended Complaint fail to establish any discernable basis which would allow this court to assert subject-matter jurisdiction over the action. In addition, the Complaint and Amended Complaint do not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Accordingly, the court will dismiss this action without prejudice.

IT IS THEREFORE ORDERED that:

1. For the reasons set forth in this Memorandum and Order and in the court's Memorandum and Order dated May 22, 2014, this matter is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of August, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.